Opinion by
Cebcone, J.,
This is an appeal by the Commonwealth from the lower court’s order sustaining defendant’s demurrer to the Commonwealth’s evidence on the ground that defendant had been entrapped. Defendant had been indicted on a bill alleging possession of narcotic drugs and dealing in narcotic drugs. At trial, the Commonwealth produced evidence as to the following:
The officer in this case, acting undercover, purchased narcotics (hash) from David Stanek. The officer requested a larger quantity than Stanek had available. Stanek then made arrangements for a meeting between the officer and. the defendant who had the desired amount of narcotics for sale. As a result of this arrangement, defendant, whom Stanek had informed of the officer’s desired purchase, sold the officer a quantity of marijuana. Upon this evidence the lower court *411 granted defendant’s demurrer, holding defendant had been entrapped as a matter of law.
We disagree with this conclusion. In Commonwealth v. Kutler, 173 Pa. Superior Ct. 153, 156 (1953), we quoted from the decision of Mr. Justice Hughes in Sorrells v. United States, 287 U.S. 435, 441, 53 S. Ct. 210, 212 (1932), as follows: “ ‘It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises ... A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute.’ ” (emphasis added)
The test is whether the criminal design was created by the officer or whether the officer merely afforded the opportunity for the commission of a crime by a person already disposed to commit that crime, in which case there is no entrapment. The instant case is an example of the latter. See Commonwealth v. Conway, 196 Pa. Superior Ct. 97 (1961) and Sherman v. United States, 356 U.S. 369, 372 (1958).
It is our conclusion that the lower court erred in granting defendant’s demurrer, and the judgment of the lower court is accordingly reversed and a new trial ordered.