## Commonwealth, Appellant, *v.* Nydes.

Submitted November 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert L. Eberhardt,* Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*Elmer S. Beatty, Jr.,* and *Ecker and Associates,* for appellee.

OPINION BY WATKINS, P. J., March 31, 1975:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas of Allegheny County, Criminal Division which sustained appellee's demurrer to the evidence.

The appellee, Lynn Frank Nydes, was charged with burglary, larceny and receiving stolen goods. The testimony may be briefly stated as follows: At approximately 2:45 A.M. on the morning of October 28, 1972, Carl Osterholm, owner of Carl's Corner Tavern located in Braddock, Pennsylvania, placed a telephone call to his tavern in an effort to determine whether or not all of his employees had left. There being no answer, Mr. Osterholm proceeded to the tavern and arrived there at approximately 3:15 A.M. As he approached the tavern, he noticed the defendant "darting out of the side door". The defendant was known to Mr. Osterholm, since he recently had been employed by him as a porter. Upon seeing the defendant exiting the side door, Mr. Osterholm testified that he pursued the defendant, who escaped by car. He had returned to the tavern to find that the side door had been kicked in, that there was a footprint on the door, and that the lock on the door had been broken. He testified that the side door had a bolt-type lock, and therefore, could not be locked from the outside. Upon examining

the interior of the tavern, Mr. Osterholm discovered that all of the daily receipts, totalling $839.00, were missing from his two cash registers. Mr. Osterholm testified that among the missing currency was a number of coin rolls, which were always identified by the license number of the employee who picked these coin rolls up from the bank. Mr. Osterholm stated that 3:15 A.M. is long past his usual closing time, and that he had not given the appellee permission to remain past closing time. In addition, Mr. Osterholm noted that the defendant was well known to him, and that he had made positive identification of the appellee as the person that he saw leaving his tavern.

The Commonwealth next produced Edward Bujakowski, a police officer with the Braddock Police Department. Officer Bujakowski testified that the defendant had surrendered himself to the officer at approximately 3:30 A.M. on the morning of October 28, 1972. The officer stated that as the defendant was getting out of his car he (Officer Bujakowski) spotted three rolls of nickels with Mr. Osterholm's identification number on them. The officer stated that the rolls of coins which were discovered in the defendant's car were the same as those rolls which he had examined at the victim's bar.

Finally, the Commonwealth called Michael Chalfa, who was a bartender employed by Mr. Osterholm. He testified that the defendant was not working at Carl's Corner Tavern on the night of the burglary but that he was at the bar as a customer until closing time, which is 2:00 A.M. He also testified that the defendant had left the premises, and was gone when Mr. Chalfa locked up the bar at approximately 2:30 A.M.

The sole issue in this appeal is whether the evidence presented by the Commonwealth was sufficient to establish the elements of the crime. For the purpose of determining this, the defendant admits all facts which the evidence tends to prove and inferences reasonably de-

ductible therefrom. Act of June 5, 1937, P.L. 1703, No. 357, §1, 19 P.S. §481.[1] *Commonwealth v. Mummert,* 183 Pa. Superior Ct. 638, 133 A. 2d 301 (1957). The trial court does not weigh the evidence but merely applies the law to the admitted facts. *Commonwealth v. Klein,* 222 Pa. Superior Ct. 409, 294 A. 2d 815 (1972). The test is not whether the court would find the defendant guilty on the evidence, but whether the evidence would be sufficient to sustain a verdict of guilty. *Commonwealth v. Carroll,* 443 Pa. 518, 278 A. 2d 898 (1971) ; *Commonwealth v. Townsend,* 211 Pa. Superior Ct. 135, 235 A. 2d 461 (1967).

The evidence produced by the Commonwealth is summarized as follows: (1) that the appellee was inside the tavern after it had been closed on the night in question; (2) that he was not authorized to be there; (3) that he was seen fleeing from the tavern; (4) that the day's receipts were in the bar at the time it closed at about 2:30 A.M.; (5) that the receipts were gone when the victim went into his place of business at 3:15 A.M. after seeing the appellee leaving as if in flight; (6) that he was found in possession of part of the stolen currency approximately 15 minutes after being seen leaving the tavern; and (7) the currency in his possession was marked with the victim's identification number.

In light of this evidence, direct and circumstantial, taken as admitted and the reasonable inferences that can

---

1. "DEFENDANT'S DEMURRER TO EVIDENCE, EFFECT OF

Hereafter in all criminal prosecutions, the action of the defendant at the close of the Commonwealth's case in demurring to the evidence submitted by the Commonwealth, shall not be deemed to be an admission of the facts which the evidence tends to prove or the inferences reasonably deductible therefrom except for the purpose of deciding upon such demurrer, and if the court shall decide against the defendant on such demurrer, such decision shall be deemed interlocutory only, and the case shall proceed as if such demurrer had not been made." June 5, 1937, P.L. 1703, No. 357, §1.

easily be drawn therefrom, a prima facie case against the appellee for the crimes of burglary, larceny and receiving stolen goods was made out.

The order of the court below is reversed with a procedendo.