## Commonwealth, Appellant, v. Wright.

Submitted March 10, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joel O. Sechrist*, Assistant District Attorney, *Morrison B. Williams*, Deputy District Attorney, and *Donald L. Reihart*, District Attorney, for Commonwealth, appellant.

*Allen H. Smith*, for appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

Appeal is taken to this Court by the Commonwealth following Judge SHADLE'S Order sustaining appellant's motion for demurrer. Entrapment was the rationale for entry of this Order.

Trial testimony indicates that one Charles Rodgers, employed as an undercover narcotics agent of the Pennsylvania State Police, conversed with appellant in an alley in York regarding the possibility of purchasing cocaine from appellant. The arrangement was consummated by appellant's transferring two foil-wrapped packages of a substance (later identified as cocaine) to Agent Rodgers in exchange for $20.00. Subsequently appellant was arrested and charged with violation of "The Controlled Substance, Drug, Device and Cosmetic Act", Section 13 (a) (30).[1] Proper indictment preceded trial.

---

1. Act of 1972, April 14, P.L. 233, No. 64 (35 P.S. §780-113 (a) (30)).

Quoting *Butts v. U. S.*, 273 F. 35, 38 (8th Cir. 1921), the United States Supreme Court, in *Sorrells v. U. S.*, 287 U.S. 435, 444-445, 53 S. Ct. 210, 213-214 (1932), has stated, regarding entrapment, that " 'it is unconscionable, contrary to public policy, and to the established law of the land to punish a man for the commission of an offense of the like of which he had never been guilty, either in thought or in deed, and evidently never would have been guilty of if officers of the law had not inspired, incited, persuaded, and lured him to attempt to commit it.' " That Court further pointed out, at U. S. 441 and S. Ct. 212, that "artifice and strategem may be employed to catch those engaged in criminal enterprises. . . ." Entrapment is no defense where the Commonwealth did nothing more than offer an appellant the opportunity to commit crime. See *Commonwealth v. Kutler*, 173 Pa. Superior Ct. 153, 96 A.2d 160 (1953). Entrapment does become a defense when "a law enforcement officer, by employing methods of persuasion or inducement which create a substantial risk that persons not otherwise ready to commit the criminal act will do so, actually induces such a person to commit the act." *Commonwealth v. Conway*, 196 Pa. Superior Ct. 97, 103-104, 173 A.2d 776, 779 (1961). To differentiate between these positions, "[t]he test is whether the criminal design was created by the officer or whether the officer merely afforded the opportunity for the commission of a crime by a person already disposed to commit that crime, in which case there is no entrapment." *Commonwealth v. Klein*, 222 Pa. Superior Ct. 409, 411, 294 A.2d 815, 816 (1972).

In the instant case, it is the uncontradicted testimony of the State Police Agent that he simply inquired of appellant whether he (appellant) had some cocaine for purchase. Appellant's reply was "he had none, but that he could get some", and the next step was that appellant, the agent, and others unidentified drove to an address where appellant obtained the drug which he thereupon sold to

Agent Rodgers for $20.00. Absent the initial inquiry, all affirmative action in this scenario was at the instance of appellant. We find no misrepresentation, threat or coercion by the agent. Nor do we believe that the asking of the initial question presents "inducement" sufficient to dissuade an individual from his law-abiding ways, if these he has. Having been asked the pertinent question, and following with all actions leading to the commission of the crime, a defendant should not be allowed to avail himself of a defense at least for purposes of moving for a demurrer, that he was less disposed to commit the crime than undisputed testimony reveals.

We hold that the lower court erred in holding that as a matter of law the officer's conduct constituted entrapment.

Order is reversed and a new trial is ordered.

JACOBS and HOFFMAN, JJ., concur in the result.