378 A.2d 1008

**COMMONWEALTH of Pennsylvania**

v.

**Walter B. CLAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Oct. 6, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Louise G. Herr, Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

A jury convicted appellant of delivery of marijuana in violation of The Controlled Substance, Drug, Device and Cosmetic Act.[1] He received a sentence of 6 to 23 months in a county prison, and a $50 fine. On this appeal he contends that the trial judge erred in refusing his request to instruct the jury on the defense of entrapment. We agree and therefore reverse the judgment of sentence and remand for a new trial.[2]

According to the Commonwealth's evidence the delivery of the marijuana occurred as follows. On January 27, 1975, at about 9:45 p.m., Pennsylvania State Police Officer Sonny

---

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, imd. effective, as amended Oct. 26, 1972, P.L. 1048, No. 263, § 1, imd. effective, 35 P.S. § 780–113(a)(30).

2. Because of this disposition we find it unnecessary to address appellant's additional contentions.

Bowser, acting in an undercover capacity, and an informant picked appellant up in their car at appellant's house in Mount Joy, and following appellant's instructions, drove to a corner in Manheim. Appellant left the car and entered a residence at 211 South Charlotte Street. When he returned, he was carrying a brown paper bag in which there was what appeared to be about a pound of marijuana. Appellant gave the bag to Officer Bowser and in return received $170. Appellant then went back into the house, returned to the car again, and was driven home. N.T. 6–9.

Appellant testified that the delivery occurred as follows. About three days before the delivery the informant came to appellant's house and asked whether appellant could get a pound of marijuana for Sonny, who, the informant said, was someone he knew from the Navy. N.T. 67, 69. The informant "was a friend of [appellant's] and he said that this Sonny guy really needed some pot because he was going out west or something like that. . . ." N.T. 71. Appellant responded: "I don't think so [that he could get the marijuana], but you know, I'll check on it, you know, to make sure, and then I'll let you know." N.T. 69. On the day of the delivery the informant came to appellant's house and asked "if [appellant] could get a friend of his a pound of pot. [Appellant] said, well, I don't know, I could check. . . . Well, I have to go to Manheim." N.T. 65. In Manheim, appellant got $170 from Sonny, went into the house, and returned with the paper bag. He gave all of the money to "the person that [he] copped the pound off of". N.T. 67. He made no profit but "got it . . . because [the informant] said that Sonny really needed it." N.T. 74. Appellant had never been a drug dealer. He admitted that "I smoke pot myself, and you know, I knew where I could get it." N.T. 73. (The sentencing hearing disclosed that he had no prior record. N.T. 3.) About a week after the delivery the informant again asked appellant to get some more marijuana, but appellant refused to. N.T. 71.

The Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. 313, provides in pertinent part:

(a) General Rule.—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

.  .  .  .  .

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.[3]

In *Commonwealth v. Berrigan,* 234 Pa.Super. 370, 375–382, 343 A.2d 355, 360 (1975) (Opinion in Support of Reversal) *allocatur refused,* Judge HOFFMAN quoted the following formulations of the entrapment rule. "This rule requires, before the defense becomes available, (1) a defendant not disposed to commit the crime, and also (2) police conduct likely to entrap the innocently disposed." *Commonwealth v. Conway,* 196 Pa.Super. 97, 104, 173 A.2d 776, 780 (1961). "The test is whether the criminal design was created by the officer or whether the officer merely afforded the opportunity for the commission of a crime by a person already disposed to commit that crime, in which case there is no entrapment." *Commonwealth v. Klein,* 222 Pa.Super. 409, 411, 294 A.2d 815, 816 (1972). In *Sagansky v. United States,* 358 F.2d 195, 202 (1st Cir. 1966), the court put it this way: "(1) Did the government put in motion this particular offense; and (2) did it initiate the defendant's criminal state of mind, or only activate it? The first issue is called inducement; the second is considered in terms of the defendant's predisposition."

■ Whether an entrapment has occurred is a question for the jury, unless the evidence points to only one conclu-

**3.** *See* the Comment to the Model Penal Code, Tentative Draft No. 9 at 14–24, for a discussion of the evolution of this language and of the law of entrapment.

sion, in which case it may be decided as a matter of law. *Commonwealth v. Mott,* 234 Pa.Super. 52, 334 A.2d 771 (1975) (Opinion in Support of Affirmance).

The charge must be given, however unreasonable the judge would consider a verdict in favor of the defendant to be, when the accused shows (1) evidence that the Government initiated the crime, regardless of the amount of pressure applied to the defendant, and (2) any evidence negating the defendant's propensity to commit the crime. *U. S. v. Watson,* 489 F.2d 504, 509 (3d Cir. 1973).

■■ If the jury had been permitted to consider appellant's testimony, it might have found an entrapment. Evidence of governmental initiative might have been found in appellant's testimony that he got and delivered the marijuana only because the informant was a friend of his and persuaded him that "Sonny really needed it." This testimony might also have been regarded as evidence that appellant was not disposed to commit the crime of delivery; additional evidence in this regard was that he had never been a drug dealer and had made no profit from the delivery but merely acted as a conduit, and that when a week later the informant again asked him to get some more marijuana, he refused. Appellant's admission that he himself smoked marijuana and knew where to get it did not as a matter of law establish a predisposition to deliver marijuana. To be sure, the jury might very well have rejected appellant's testimony. It should, however, have been given that choice. *U. S. v. Watson, supra; Commonwealth v. Berrigan, supra; Commonwealth v. Klein, supra; Commonwealth v. Conway, supra.*

The judgment of sentence is reversed, and the case is remanded for a new trial.

PRICE and VAN der VOORT, JJ., concur in the result.

WATKINS, President Judge, and JACOBS, J., dissent.