390 A.2d 774

**COMMONWEALTH of Pennsylvania**

v.

**Dennis FIORINI, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided July 12, 1978.

John Alan Havey, Aliquippa, for appellant.

Keith R. McMillen, Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Dennis Fiorini, was tried before a jury, adjudged guilty, and sentenced on several narcotics charges. Following the denial of post-trial motions, he filed the instant direct appeal to our Court, solely from his sentence on Beaver Count Indictment No. 597 of 1975, where the charge was for possession with intent to deliver marijuana. He was also found guilty and sentenced on No. 458 of 1975—delivery of marijuana; No. 461 of 1975—delivery of phenacaine hydrochloride; No. 459 of 1975 and No. 460 of 1975—both for conspiracy in the sale of controlled substances.

While there is no appeal from the sentences on the latter four charges, they are significant as appellant contends the lower court erred in permitting the consolidation of all charges in a single trial. More particularly, it is argued first that the Commonwealth was tardy in filing its application for consolidation, and second, that the granting of the consolidation request resulted in prejudice to the appellant. We cannot agree with these contentions.

The record shows that just prior to the selection of a jury, a conference was held in the judge's chambers with the prosecuting and defense attorneys. Several subjects were discussed, including the Commonwealth's evidence on all the charges. The assistant district attorney sought a consolidation of all charges, and the request was granted by the court. The defense attorney raised an objection to the consolidation and renewed the objection on the record at the beginning of the trial.

As noted, the appellant offers two theories in support of this appeal. In claiming that the Commonwealth was tardy in its application for consolidation, appellant maintains that Rules of Criminal Procedure 304 and 305 required that the Commonwealth seek consolidation by written motion at least

ten days prior to trial.[1] Next, it is asserted that appellant was prejudiced by the consolidation in that: (1) the jury may have believed the evidence on any of the distinct charges to have indicated a "criminal disposition" on the part of appellant, influencing the consideration of other charges; (2) the jury may have viewed the accumulation of all evidence to justify a conviction on all charges, when if considered separately, it would not have determined guilt on each individual charge; and (3) the appellant did not feel free to testify in defense of the indictment at No. 597 of 1975 because he would have opened the opportunity for the Commonwealth to cross-examine him, and explore possible incriminating responses with respect to the other charges.

 In evaluating the appellant's contentions, we must be mindful of the proper standard for review of a trial court's

1. Rule 304. Pretrial Applications for Relief

(a) All pretrial applications for relief shall be in writing and presented under the name and style of application.

(b) A pretrial application shall be signed by the applicant or his attorney. It shall state specifically the grounds upon which it is made, setting forth the facts in consecutively numbered paragraphs and shall specify the relief to which the applicant deems himself entitled. A signature of an attorney shall constitute a certification by him that he has read the application, that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay.

(c) An application which sets forth facts which do not already appear of record in the case shall be sworn to by some person having knowledge of the facts, provided, however, that the court, upon presentation of such application without affidavit, may defer action pending the filing of an affidavit or may in its discretion hear testimony and act upon it in the absence of an affidavit if the interests of justice so require.

(d) An application may be made in the alternative and pray for such alternative relief or action of the court as may be appropriate.

(e) All grounds for the relief demanded shall be stated in the application and failure to state a ground shall constitute a waiver thereof.

Rule 305. Time for Application and Service

Except as provided in these Rules, no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application.

Copies of all pretrial applications shall be served either before or immediately following presentation.

decision with regard to a consolidation of charges. It is well established that decisions with regard to consolidation or severance of indictments for trial are matters of discretion with the trial judge, whose conclusions will be reversed only for a manifest abuse of discretion or prejudice and injustice to the defendant. *Commonwealth v. Loch,* 239 Pa.Super. 331, 334, 361 A.2d 758, 759 (1976). In light of that standard we find no merit in appellant's contentions.

■ The lower court, in its opinion, sets forth several grounds supportive of the consolidation order. First, the court indicates that all available information suggested that the defense was not only prepared for trial on all charges at one time, but in fact expected such a procedure. Prior to trial there were two defense motions for continuance, under the captions of all of the indictment numbers, each of which contained the endorsement of defense counsel. With respect to one of the continuances, it was noted that the "trial" on all charges was scheduled for the same date. Moreover, one of the continuance motions indicated a plea bargaining process on all charges was the reason for continuance and it was unlikely that there would be a "trial." There is no claim by the defense that it was unprepared to defend on all charges as of the date of trial.

Next, the lower court indicated that consolidation was deemed appropriate because of the criminal method employed by appellant. In its opinion, the lower court states:

Immediately prior to the selection of a jury for this trial, defense counsel and the Assistant District Attorney requested an in camera conference with the Judge. This request was granted and several subjects were discussed. The Commonwealth's evidence was discussed and it was apparent that defense counsel, who had been present at the preliminary hearing, was thoroughly familiar with the evidence to be produced. The Court took the view that the evidence so clearly indicated a modus operandi on the part of defendant that the Court would be obliged to admit evidence of the other transactions and the method of carrying them out even if the indictments were tried

separately. For that reason the Court decided the cases should be consolidated for trial.

A review of the evidence of all of the transactions does indeed depict a repetitive pattern of conduct. This pattern, in each case, was initiated by contact between the appellant and a prospective drug customer through a gasoline service station operated by appellant's brother. Next, each customer was to communicate with the appellant or another person by calling appellant's work or residence telephone. Many calls to and from these telephones, involving appellant and customers, transpired in the course of the sales. In the case of each transaction, a series of clandestine meetings took place where there occurred a passing of keys to lockers at a nearby shopping center. The drugs were stored in the lockers and the purchase money transferred in the shopping center parking lot after the drugs were retrieved from the lockers by the purchaser. Other repetitive factors such as meetings at appellant's brother's service station or another site, were common to all of the transactions. Based upon the similar modus operandi exhibited in all of the transactions, we must agree that, even without consolidation, evidence of other transactions would have been admissible in any single prosecution.

While the appellant maintains that the jury may have been unduly prejudiced because of the existence of several charges, he presents no showing of any single instance where confusion or the accumulation of charges may have affected the jury's considerations. The record shows that distinct evidence was presented, in a clear and concise manner, with regard to each of the individual charges. No assertion of insufficiency of evidence is suggested by appellant. The claim of possible prejudice in the jury's consideration *could* be claimed in *every* case where charges are consolidated. More than a bare claim of possible prejudice is required to support reversal, and appellant's mere claim, without more, is insufficient.

The appellant also argues he was prejudiced in not being permitted to testify in defense of one charge for fear he

would be cross-examined about his involvement in other incriminating matters. This type of claim, of course, could also be maintained in *any* case where charges are consolidated for trial and the defendant chooses not to testify. In the instant case, appellant fails to explain or particularize the testimony he might have offered had there been no consolidation of charges. Without such an explanation, his broad claim of possible prejudice is again insufficient to convince us that the consolidation of charges in his case was an abuse of discretion by the trial court mandating reversal.

In light of all of the above, we find no error in the consolidation of charges ordered by the lower court in the instant case.

Affirmed.

HOFFMAN, J., concurs in the result.

SPAETH, J., files a concurring opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I cannot agree with the majority's statement that the evidence disclosed a *modus operandi*. A *modus operandi* is a method of operating "so unusual and distinctive as to be like a signature." *McCormick on Evidence* § 190 at 449 (Cleary Ed. 1972). *And see Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973). It is this characteristic that permits the prosecutor to prove *modus operandi* : the proof is relevant to establishing the identity of the criminal *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955). Here, the evidence was not so unusual and distinctive as to be like a signature. *See Commonwealth v. Peterson, supra.* Furthermore, appellant's identity was not at issue.

I nevertheless agree that consolidation was proper. Other exceptions to the general rule precluding evidence of another crime are when the evidence tends to prove motive, or intent, or absence of mistake or accident. *Commonwealth v.*

*Peterson, supra.* The evidence here fit within these exceptions.