445 A.2d 174

**COMMONWEALTH of Pennsylvania**

v.

**Robert TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued April 7, 1981.

Filed April 30, 1982.

114

116

John F. Pyfer, Jr., Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in: (1) consolidating for trial offenses arising from two drug transactions; and (2) excluding his offer of prior recorded testimony of an unavailable witness. We hold that the charges were properly consolidated but that the testimony was erroneously excluded. Accordingly, we reverse the judgment of sentence and remand for a new trial. °

I.

Appellant was charged in three informations with several drug offenses arising from transactions with an undercover police officer and a paid police informant. The first two informations concerned sales of cocaine on April 6 and 7, 1978. The other involved a deal for liquid cocaine on June 1, 1978. Before trial, appellant sought to sever the latter (June) from the former (April) informations. The lower court denied his motion and held trial on all charges on June 14, 1979.

At about 9:30 p. m. on April 6, 1978, the paid informant, Danny Krushinski, in the presence of Robert Roderick, the undercover police officer, arranged by telephone to meet appellant at a local hotel. At 11:45 p. m. the three met in

appellant's car, and appellant displayed a one-ounce bag and a quarter-ounce bag of cocaine. Roderick paid appellant $1,900 for the larger bag and agreed to buy the smaller one the following day. After the transaction, Roderick also said he could supply to appellant a bottle of phenyl 2 propenone (P2P), a non-controlled substance essential to manufacturing methamphetamine, in exchange for some finished product. The three briefly negotiated this future deal, then parted. The following morning, April 7, 1978, Krushinski arranged to meet appellant in the parking lot of a tavern during appellant's lunch hour. Krushinski then told Roderick of the meeting. At about 12:30 p. m., appellant met Roderick and talked about selling the smaller bag. After Krushinski arrived, Roderick paid $500 for it. The three then further planned the exchange for P2P. Roderick and Krushinski suggested they would accept a small quantity of drugs as "collateral," provided Roderick could visit the laboratory and later receive some finished methamphetamine. Leaving the terms to further negotiation, appellant returned to work by 1:00 p. m. On May 31, 1978, Roderick arranged to meet appellant at 10:30 p. m. the following day. On June 1, 1978, Roderick and Krushinski met appellant in the hotel parking lot, and after a brief conversation, Roderick gave appellant a bottle of P2P in exchange for a small vile of liquid cocaine.

Appellant advanced an entrapment defense. He testified that Krushinski had rehearsed him and had supplied all the drugs involved. He testified that Krushinski had approached him at work several times in March, 1978, and on one occasion showed him four hundred-dollar bills, and told him he could make similar money by posing as a drug seller in Krushinski's scheme to defraud his "partner." He also testified that he returned to Krushinski all the P2P and all but $150 of the money he received in the drug sales. Krushinski denied these assertions. Another defense witness testified that she had heard Krushinski bragging that he had supplied the drugs involved to various subjects of police investigation, including appellant. Appellant was precluded, however, from introducing the prior recorded testimony of

an unavailable witness who had testified in his own trial that he had seen thirty bottles of liquid cocaine in Krushinski's apartment on June 1, 1978 before appellant's alleged transaction. The jury returned a verdict of guilty on all counts. Following denial of post-trial motions, appellant was sentenced to three concurrent prison terms of one-and-one-half to three years. This appeal followed.

## II.

Appellant contends the lower court erred in consolidating trial of the June information with the April information. We disagree. The consolidation of charges for trial is proper "if (1) the facts and elements of the two crimes are easily separable in the minds of the jury; and (2) the crimes are such that the fact of the commission of each crime would be admissible in a separate trial for the other." *Commonwealth v. Jones*, 242 Pa.Super. 303, 307, 363 A.2d 1281, 1283 (1976) (2 drug sales). *See Commonwealth v. Vickers*, 260 Pa.Super. 469, 394 A.2d 1022 (1978) (2 drug sales); *Commonwealth v. Fiorini*, 257 Pa.Super. 185, 390 A.2d 774 (1978) (5 drug sales). *See also Commonwealth v. Rose*, 265 Pa.Super. 159, 401 A.2d 1148 (1979) (2 robberies); *Commonwealth v. Irons*, 230 Pa.Super. 56, 326 A.2d 488 (1974) (2 assaults).[1] The facts and elements of each offense here were easily separable in the minds of the jury, because the issue in each instance was whether appellant delivered a specific controlled substance on a particular occasion. The propriety of the consolidation thus hinges on whether the fact of the commission of each crime would be admissible in a separate trial for the other.

1. *See also Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973) (2 robberies) (plurality decision). *Accord*, II A.B.A. Standards for Criminal Justice, Standard 13–3.1 (1980) (less precisely defined fairness and no prejudice standard). *Contra* 10A P.L.E. Criminal Law §§ 442, 443 (1970 & Supp.1981) (more relaxed standard for consolidation).

Note also that the procedures for consolidating trial have, since the inception of this case, been defined more precisely. Pa.R.Crim.P. 1127, 1128 (effective July 1, 1982).

■ The prosecution generally may not introduce evidence that the defendant has committed other crimes as evidence of his guilt for the crime charged. This rule stems from recognition that proving one crime generally does not prove commission of another, but merely bad character, which cannot support an inference of guilt, and that evidence of other crimes is likely to prejudice the jury and create an emotional reaction effectually stripping the accused of the presumption of innocence. *See, e.g., Commonwealth v. Spruill,* 480 Pa. 601, 604, 391 A.2d 1048, 1050 (1978); *Commonwealth v. Roman,* 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972); *Commonwealth v. Hawkins,* 292 Pa.Super. 492, 433 A.2d 110 (1982); *Commonwealth v. Wright,* 259 Pa.Super. 293, 298, 393 A.2d 833, 836 (1978). Special circumstance justifying exceptions to the general rule exist when the other crimes tend to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design embracing the commission of two or more crimes so related that proof of one tends to prove the others; or (5) the identity of the person committing the charged crime. *See, e.g., Commonwealth v. Peterson, supra; Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Wright, supra; Commonwealth v. Hude,* 256 Pa.Super. 439, 390 A.2d 183 (1978). Additionally, evidence that a defendant has committed another crime may be admitted when it tends to show that the accused has attempted to conceal the commission of the crime charged or to escape its consequences. *Commonwealth v. Terrell,* 234 Pa.Super. 325, 329, 339 A.2d 112, 114 (1975). Even when one of these exceptions applies, however, the trial court must still balance the need for the other crimes evidence in light of its convincingness and of all the prosecution's other evidence against its potential prejudice to the accused. *See Commonwealth v. Ulatoski,* 472 Pa. 53, 63 n.11, 371 A.2d 186, 191 n.11 (1977); *Commonwealth v. Wright, supra,* 259 Pa.Superior Ct. at 299, 393 A.2d at 836; *Commonwealth v. Hude, supra,* 256 Pa.Superior Ct. at 445, 390 A.2d at 186.

While the consolidated trial setting does not change the standard for determining the admissibility of other crimes evidence, it does subtly influence the balance of factors. For instance, the danger that the accused may be forced "to answer additional charges which were not included in the indictment returned against him," *see Commonwealth v. Spruill, supra,* is not present. Similarly, considerations concerning "the convincingness of the evidence that the other crimes were committed and that the accused was the actor," *see Commonwealth v. Hude, supra,* 256 Pa.Superior Ct. at 445, 390 A.2d at 186, are considerably reduced because the prosecution has committed itself to proving each of the charged crimes beyond a reasonable doubt. *See also Commonwealth v. Raymond,* 412 Pa. 194, 194 A.2d 150 (1963); *Commonwealth v. Bond,* 261 Pa.Super. 311, 396 A.2d 414 (1978). Further, because consolidation promotes judicial economy, "the interests of judicial expedience must be weighed against the possibility of resultant prejudice to the appellant." *Commonwealth v. Rose,* 265 Pa.Super. 159, 175, 401 A.2d 1148, 1156–57 (1979). Other factors, however, such as the prosecution's actual need for the evidence, the logical connection between the crimes and the issues in the case, and the possibility of prejudice, remain the same.

■ Asserting the entrapment defense does not create a reason for admitting other crimes or alter the balance, because the entrapment defense in Pennsylvania "focus[es] on the conduct of the police and will not be concerned with the defendant's prior criminal activity or other indicia of a predisposition to commit crime." *Commonwealth v. Jones, supra,* 242 Pa.Super. at 311, 363 A.2d at 1285. *See* 18 Pa.C.S.A. § 313(a); *Commonwealth v. Danko,* 281 Pa.Super. 97, 421 A.2d 1165 (1980); *Commonwealth v. Stokes,* 264 Pa.Super. 515, 400 A.2d 204 (1979); *Commonwealth v. Manley,* 252 Pa.Super. 77, 380 A.2d 1290 (1977); *Commonwealth v. Loccisiano,* 243 Pa.Super. 522, 366 A.2d 276 (1976).[2]

---

**2.** *See also Commonwealth v. Ferguson,* 289 Pa.Super. 163, 432 A.2d 1103 (1981) (HOFFMAN, J., dissenting). *But see Commonwealth v. Lee,* 262 Pa.Super. 218, 396 A.2d 724 (1978); *Commonwealth v.*

■ Applying these principles to the instant case we note that there was no genuine issue at trial as to appellant's motive, intent, or identity, or as to the absence of a mistake or accident. Appellant admitted that he knew he was dealing in drugs, and the eyewitness testimony of Krushinski and Roderick was corroborated by that of two nearby backup officers who observed each of the meetings. The Commonwealth contends that the June 1 and April 6 and 7 transactions were so intertwined into a common scheme or plan that "proof of one tend[ed] to prove the other." *Commonwealth v. Peterson, supra,* 453 Pa. at 197–98, 307 A.2d at 269–70. *See Commonwealth v. Bond, supra,* 261 Pa.Super. at 317, 396 A.2d at 416. We agree. After each of the April transactions appellant discussed the eventual June transaction. Thus, at a separate trial for the April transactions, the prosecution could introduce the fact of the June transaction to explain these discussions. At a separate trial for the June transaction the Commonwealth could refer back to the April discussions to establish how the charged criminal activity was arranged. Applying the balancing test, we note that judicial economy is greatly served by the consolidation because all witnesses for all charges were identical. Though the Commonwealth's need for evidence of each crime at a separate trial for the other would not be particularly pressing, neither would the prejudice to appellant be great, given that all crimes were with the same individuals and of a similar nature. The consolidation imposed no undue burden on appellant in asserting his entrapment defense, because it applied equally to all three offenses. "Consolidation or

*Clawson,* 250 Pa.Super. 422, 378 A.2d 1008 (1977) (plurality opinion) (purporting to apply 18 Pa.C.S.A. § 313(a), but considering criminal predisposition of defendant); *Commonwealth v. Jones, supra,* 242 Pa.Super. at 309, 363 A.2d at 1284 (stating, apparently inconsistently with its holding predisposition irrelevant to the entrapment defense, that "[e]vidence of a sale just two hours prior to the sale in question *would be relevant on the issue of entrapment,* and on appellant's intent in general." (Emphasis supplied). Read in context, the italicized statement should be dismissed as mere surplusage). *Contra United States v. Hill,* 481 F.Supp. 558 (E.D.Pa.1979) (predisposition, and thus prior crimes establishing it, relevant under Federal entrapment law using a subjective test) (multiple drug sales consolidated for trial).

separation of indictments is a matter within the sound discretion of the trial judge, whose decision will be reversed only for a clear abuse of discretion or in cases of clear prejudice of injustice to an accused." *Commonwealth v. Vickers, supra,* 260 Pa.Superior Ct. at 475, 394 A.2d at 1025. Accordingly, the lower court did not abuse its discretion in denying appellant's motion for severance and consolidating the informations for trial. *Cf. Commonwealth v. Fiorini, supra* (5 drug transactions over several weeks consolidated); *Commonwealth v. Vickers, supra* (2 drug transactions hours apart consolidated); *Commonwealth v. Jones, supra* (2 drug transactions hours apart consolidated).

### III.

Appellant contends the lower court erred in refusing to allow him to introduce the prior recorded testimony of the unavailable witness John Randy Globisch.[3] We agree. Prior recorded testimony of an unavailable witness may be admitted in a criminal trial either by statute, 42 Pa.C.S.A. § 5917, or by common-law rule. *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980); *Commonwealth v. Rodgers,* 472 Pa. 435, 372 A.2d 771 (1977). For the prior recorded testimony to be admissible "the issues in the first proceeding and hence the purpose for which it was there offered must have been such that the present opponent (or some person in like interest) had an adequate motive for testing on cross-examination the credibility of the testimony now offered." *Commonwealth v. Velasquez,* 449 Pa. 599, 601 n.3, 296 A.2d 768, 770 n.3 (1972). *See Commonwealth v. Scarborough, supra;* McCormick on Evidence §§ 255–57 (2d ed. 1972). Appellant sought to introduce Globisch's testimony from his own trial on a theft by deception charge arising from a drug transaction with Krushinski and an undercover police officer. Globisch had been asserting an entrapment defense similar to appellant's and the Commonwealth had had an opportunity to cross-examine. Globisch's testimony was that on June 1, 1978, a few hours

---

**3.** The Commonwealth conceded that Globisch was, in fact, unavailable. N.T. at 210; Appellee's Brief at 12.

before appellant's alleged drug sale, he had seen thirty vials of liquid cocaine in Krushinski's apartment. This testimony "was not cumulative[,] but different in nature from the evidence otherwise admitted," therefore it was not harmless error to exclude it. *Kubit v. Russ,* 287 Pa.Super. 28, 36, 429 A.2d 703, 707 (1981). *See Commonwealth v. Laws,* 474 Pa. 318, 378 A.2d 812 (1977). It was relevant to appellant's entrapment defense by showing Krushinski's ability to supply the drugs at the June transaction. It corroborated appellant's and a defense witness's testimony, and tended to impeach Krushinski's, and may thus have influenced the jury's credibility determinations. Moreover, the April and June charges were so closely intertwined that they could be tried together, and appellant's entrapment defense alleged a pattern of police misconduct embracing each, and thus the error prejudiced his defense to each. Accordingly, we must reverse the judgment of sentence and remand for a new trial.[4]

Judgment of sentence reversed, and the case is remanded for a new trial.

VAN der VOORT, J., files a concurring and dissenting opinion.

VAN der VOORT, Judge, concurring and dissenting:

I concur in the Opinion of the Majority in this case except that part of said Opinion labelled part III to which I respectfully dissent.

---

**4.** Appellant contends that he should be discharged because he was not timely tried. We disagree. On March 22, 1979, appellant waived his right to a speedy trial under Pa.R.Crim.P. 1100, and agreed to be tried by July 20, 1979. *See Commonwealth v. Dalahan,* 262 Pa.Super. 615, 396 A.2d 1340 (1979) (approving identical form waiver). Appellant's trial commenced on June 14, 1979, within the prescribed period. Accordingly, appellant's trial was timely.

Appellant contends also that the lower court erred in: (1) permitting the Commonwealth knowingly to use Krushinski's allegedly false testimony as to the details of his prior convictions and prior unpaid fines; (2) refusing to admit evidence that Krushinski had been arrested for theft of services and assault; and (3) failing to instruct the jury that the Commonwealth had a burden of proving that its informer did not supply the drugs. Because of our disposition of this case, however, we need not reach these issues.

John Globisch had testified in his own trial (in a case different from the instant case) that he had on June 1, 1978, when in Krushinski's apartment seen thirty (30) vials of cocaine there. In my judgment such testimony of Globisch has no relevancy at all to the drug sale offenses with which appellant is charged to have committed on the dates of April 6th and 7th, 1978.

While the trial court may have erred in refusing admission of Globisch's transcript testimony as to the offense charged against the appellant on June 1, 1978, and thereby warrant a new trial as to that offense. I believe it was correct in refusing the admission of such testimony as to the April 6th and 7th offenses.

I would affirm the convictions as to the April 6th and 7th transactions.