443 A.2d 814

**COMMONWEALTH of Pennsylvania**

v.

**Russell Melvin SHOATS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 4, 1981.

Filed March 26, 1982.

Petition for Allowance of Appeal July 1, 1982.

---

James D. Flower, Jr., Carlisle, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

CERCONE, President Judge:

Appellant, Russell Melvin Shoats, takes this appeal from his conviction for escape, robbery, kidnapping, and simple assault. Appellant advances several reasons why his trial counsel should be found ineffective, including the argument that counsel was ineffective for failing to object to the court's charge to the jury regarding the burden of proof. We find this latter issue to have merit and we reverse and remand for a new trial. In view of our disposition of this particular issue, we need not address appellant's remaining

contentions in which he points to other alleged failings of trial counsel.

On September 14, 1977, appellant and three other inmates escaped from Huntingdon State Correctional Institution. Appellant remained at large until his capture on October 10, 1977. Subsequently, charges were filed against appellant in Huntingdon County; however, a motion for a change of venue was granted and appellant's case was transferred to Cumberland County. After a three day trial, the court charged the jury. The court carefully instructed the jurors that in order to find appellant guilty they had to be satisfied that the Commonwealth established that guilt beyond a reasonable doubt. The court did not, however, instruct the jury that the Commonwealth had the burden to prove beyond a reasonable doubt *each and every element* of the various offenses with which appellant was charged. Defense counsel raised no objection to the charge nor did counsel attempt to raise this in post verdict motions. On appeal, appellant is now represented by new counsel who raises the issue of trial counsel's ineffectiveness for various reasons.

It is well settled that the standard used when reviewing ineffective assistance of counsel claims is whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest, and not whether other alternatives were more reasonable in hindsight. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). As the Court said in *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

> Because counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion. It is only when the claim which was foregone was of arguable merit that we must make an inquiry into

the basis for ... counsel's decision not to pursue the matter.

*Id.*, 472 Pa. at 278, 372 A.2d at 695–696.

■ Appellant argues that trial counsel was ineffective for neglecting to object to the court's failure to instruct the jurors that the Commonwealth has the burden of proving "each and every element" of the charged offenses beyond a reasonable doubt. The Supreme Court's decision in *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977) was decided on April 28, 1977, six months before the start of appellant's trial on October 23, 1977. In *Bishop*, the defense counsel had requested that the trial court instruct the jury that the Commonwealth has the burden to prove "each and every element" beyond a reasonable doubt. The trial court declined to give this instruction, and the defense appealed. The Supreme Court reversed. The Court stated that in previous cases it has been held that the Commonwealth's burden of proving guilt beyond a reasonable doubt extends to every material element of the crime charged and that the Commonwealth fails to carry this burden as to any one element, the accused must be acquitted. *Commonwealth v. Bishop, supra*, 472 Pa. at 489, 372 A.2d at 796, citing *Commonwealth v. Young*, 456 Pa. 102, 111, 317 A.2d 258, 262 (1974); *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); *Commonwealth v. Conklin*, 399 Pa. 512, 515, 160 A.2d 566, 568 (1960). The *Bishop* Court went on to hold:

In the instant case the court informed the jury several times of the presumption of innocence and burden of the Commonwealth to prove guilt beyond a reasonable doubt. These were accurate statements of the law. In addition, the court correctly defined the requisite elements of the crime of murder of the first degree. Nowhere, however, in the entire charge did the court explain that the presence of each of the elements of the conduct charged must be proven by the Commonwealth beyond a reasonable doubt. In fact, no direction at all was given as to the proper application of the burden to the component parts of the crime in question. *The defense had an absolute*

*right to have the jury instructed not only as to the quantum of proof required to establish guilt but also that the requirement extended to each of the material elements of the offense. The function of elucidating the relevant legal principles belongs to the judge, and the failure to fulfill this function deprives the defendant of a fair trial.* (emphasis added) *See Commonwealth v. Johnny Wortham,* (*Commonwealth v. Dorthe Wortham*), 471 Pa. 243, 369 A.2d 1287. It is entirely possible that, as a result of the charge as it was given, the jury concluded that the Commonwealth might meet its burden if the *cumulative* evidence (emphasis in original) of guilt was such that they were convinced beyond a reasonable doubt although they were not convinced beyond a reasonable doubt as to one or more of the elements of the offense. This is not the correct standard and differs significantly from the requirement that each and every element of the crime meet this same measure of substantiation.[1]

*Id.,* 472 Pa. at 490, 372 A.2d at 796–797. (footnote omitted). The *Bishop* Court further went on to reject the Commonwealth's argument that even if the charge as a whole is defective, it should be considered harmless error in view of the convincing evidence of guilt offered to support the verdict. On this score, the Court wrote:

The Commonwealth argues that even if the charge as a whole were defective it must be considered harmless error in view of the convincing evidence of guilt offered to support the verdict. We cannot accept this position. On prior occasions we have refused to ignore an incorrect, misleading, or incomplete charge on a matter as fundamental as the burden of proof in a criminal case, even where "the evidence of guilt piles as high as Mt. Everest on Matterhorn, even if the District Attorney conscientiously believes the defendant to be as guilty as Cain, and no matter with what certainty the Judge views the culpa-

---

1. A portion of this language from *Bishop* is quoted by the dissent in its opinion. See dissenting opinion at 818. It must be noted, however, that the dissent does not contain the complete passage, which is quoted above.

bility of the accused at bar, . . .". *Commonwealth v. Edwards*, 394 Pa. 335, 338, 147 A.2d 313, 315 (1959); *Id.*, 472 Pa. at 491, 372 A.2d at 797 (footnote omitted) (citations omitted). See also *Commonwealth v. Cherry*, 474 Pa. 295, 307 n. 12, 378 A.2d 800, 806 n. 12 (1977). Therefore, in view of the court's decision in *Bishop*, we find that appellant's position has merit.[2]

Having found that appellant's contention has merit, the next matter to be addressed is whether there existed a reasonable basis for counsel's omission. We conclude that the ineffectiveness of trial counsel's actions is clear from the record. In the words of *Bishop*, appellant had "an absolute

2. The dissent quotes from the Commonwealth's brief the discussion regarding the court's charge to the jury on the elements of the crime. In part, the Commonwealth said:

> [T]he charge of the trial judge *by implication* (emphasis added) advised the jury of its duty *vis a vis* each element of each offense and the jury by its verdict demonstrated that it understood *its* function.
>
> . . . . .
>
> *Implicit in these instructions* (emphasis added) is the legal concept that in order to convict on a particular charge, guilt beyond a reasonable doubt must be established by the Commonwealth as to each element.

It has never been the law in Pennsylvania that a court may satisfy its duty to correctly charge the jury on reasonable doubt based on implication. It is not for the jury to infer what reasonable doubt is, but for the judge to expressly relate that rule to the jury. As the Supreme Court said:

> *Our cases require that the jury be given a positive instruction fully and accurately defining reasonable doubt.* Only in this way, can a jury fulfill its responsibility to decide the guilt or innocence of an accused. In the absence of a proper reasonable doubt charge, an accused is denied his right to a fair trial. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974) (emphasis added).

Although the Commonwealth's brief says that "Judge Shug[h]out defined reasonable doubt and explained the Commonwealth's burden as to the charges in general," it must be emphasized that the charge on reasonable doubt was phrased in general terms. The court told the jurors, "If you are satisfied of the innocence of the defendant as to any or all of the charges he is, of course, entitled to an acquittal as to those charges, but he is also entitled to an acquittal in any of the charges as to which you have a reasonable doubt of his guilt, just as much in that case as if you were satisfied of his innocence." This is not the same as telling the jurors that the Commonwealth has the burden to prove "each and every element" beyond a reasonable doubt. *See Bishop*, 472 Pa. at 491, 372 A.2d at 797.

right" to have the jury instructed as to the correct standard for the burden of proof. We find no acceptable excuse for counsel's omission in this case and we accordingly remand for new trial. *See Commonwealth v. Newmiller*, 487 Pa. 410, 409 A.2d 834 (1979) (plurality), *Commonwealth v. Stanton*, 479 Pa. 521, 388 A.2d 1053 (1978).

Reversed and remanded for a new trial. This court does not retain jurisdiction.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent:

The facts of this case are accurately stated by President Judge Dale F. Shughart of the Court of Common Pleas of Cumberland County as follows:

On September 14, 1977, the defendant, Russell Melvin Shoats, and several other inmates took over a cell block of the Huntingdon State Correctional Institution as part of an attempt to escape from prison. Several of the institution guards were injured during the episode. After the takeover was complete and the cell block secured, the defendant and three other inmates attempted their escape from the prison as planned. Two of the inmates were captured almost immediately and a third was killed during the escape. The defendant, however, was able to avoid the authorities and remained at-large until his capture on October 10, 1977.

On September 26, 1977, while the defendant was a fugitive, he entered the home of Dale Rhone, a guard at the prison, and forced him and his wife, Marlene, and their five-year-old son, Eric to drive him in their car to a location outside of Cokesburg, Pennsylvania, where the defendant ordered Mrs. Rhone, who was driving the car, to pull over to the side of the road. At that point the car could not be restarted forcing the defendant to abandon it along the side of the road. The Rhones were then ordered into the woods, tied to a tree, and left by the defendant.

They remained at that location for approximately three and one-half hours before they were able to free themselves and find help.

An application for change of venue was granted, and the above case was assigned to this county for trial by the Supreme Court of Pennsylvania. On October 25, 1978, after a three day trial, the defendant was found guilty by a jury of escape, robbery, kidnapping, and simple assault as the result of his participation in the escape and subsequent events. The defendant was acqui[t]ted of the charge of aggravated assault by a life prisoner.

Lower court opinion *en banc* dated March 2, 1979 at 1-2.

The majority holds that trial counsel was ineffective for neglecting to object to the court's failure to instruct the jurors that the Commonwealth has the burden of proving each and every element of the charged offenses beyond a reasonable doubt. The majority finds, however, as I do, that the court *carefully instructed* the jurors that in order to find appellant guilty they had to be satisfied that the Commonwealth established that guilt beyond a reasonable doubt.

I agree with appellee's analysis of this aspect of President Judge Shughart's charge to the jury.

... the charge of the trial judge by implication advised the jury of its duty *vis a vis* each element of each offense, and the jury by its verdict demonstrated that it understood *its* function.

Initially, President Judge Shug[h]art reviewed each of the elements of each of the charges with the jury defining for them the various terms, and making reference to the testimony as it related to the elements and definitions. He also defined for the jury the lesser included offense of simple assault and unlawful restraint. (Tr. pp. 292–296). Judge Shug[h]art defined reasonable doubt and explained the Commonwealth's burden as to the charges in general. (Tr. pp. 299–300)

For the purposes of this argument, the significant portion of the charge appears on pages 304 through 306 of the Transcript. Again the Court below broke down each

element of each offense and instructed the jury as to their function. Implicit in these instructions is the legal concept that in order to convict on a particular charge, guilt beyond a reasonable doubts [sic] must be established by the Commonwealth as to each element.

Finally, the jury in this case reduced the offense of assault by life prisoner (aggravated assault) to simple assault. Obviously, the jury concluded that the Commonwealth had failed to meet its burden as to some element of the crime of aggravated assault. The verdict reflect[ed] an understanding by the jury of the Commonwealth's burden of proof.

Appellee's Brief at 8.

*Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977) cited by the majority is distinguishable on its facts. In *Bishop* defense counsel specifically requested an additional charge relating to "each and every element" of the offenses, and the trial judge refused.

*Bishop* also stands for the following:

It is beyond cavil that an accused in a criminal case is clothed with a presumption of innocence and that the burden of proof in establishing guilt rests with the Commonwealth. The quantum of proof necessary to satisfy this burden, which never shifts from the Commonwealth to the accused, is such that the fact-finder must be convinced beyond a reasonable doubt of the defendant's guilt. *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974); *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974); *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959) . . . .

In determining the adequacy of the instructions to the jury on the relevant legal principles the charge must be read as a whole. *Commonwealth v. Rodgers*, 459 Pa. 129, 327 A.2d 118 (1974); *Commonwealth v. Fell*, 453 Pa. 531, 309 A.2d 417 (1973); *Commonwealth v. Franklin*, 438 Pa. 411, 265 A.2d 361 (1970). In the instant case the court informed the jury several times of the presumption of innocence and burden of the Commonwealth to prove guilt

beyond a reasonable doubt. These were accurate statements of the law. . . .

*Id.*, 472 Pa. at 489–490, 372 A.2d at 796.

In *Commonwealth v. Lesher*, 473 Pa. 141 at 146, 373 A.2d 1088 at 1091 (1977), the supreme court said:

It is well-established, however, that in charging the jury the trial court is free to use its own form of expression; the only issue is whether the area is adequately, accurately and clearly presented to the jury. *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975). Also, in evaluating a challenge to the correctness of instructions to the jury, the charge must be read and considered in its entirety and it is the general effect of the charge that controls. . . .

Instantly, the charge as given was correct and adequate. If defense trial counsel wanted more specifics he could have so requested—but he did not. Counsel cannot be held ineffective for *failing to object* to a charge that was correct and adequate.