464 A.2d 369

**COMMONWEALTH of Pennsylvania**

v.

**James BUTLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 1983.

Filed July 29, 1983.

---

6. $3,448.59.

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Appellant, James Butler, was found guilty of burglary following a jury trial before Finkelhor, J. He was sentenced to imprisonment for six months to five years and ordered to make restitution in the amount of $500. An appeal has been taken to this court from the judgment of sentence.

Appellant contends on appeal that the trial court erred in its charge to the jury concerning the Commonwealth's burden of proof. In its charge the court stated, *inter alia:*

> The defendant is presumed innocent throughout the trial and unless and until you conclude, based on careful and impartial consideration of the evidence, that the Commonwealth has proven him to be guilty beyond a reasonable doubt. It is not the defendant's burden to prove that he is not guilty. In other words, he does not have the burden to prove that he is not guilty. It is the Commonwealth that always has the burden of proving each and every element of the crime with which the defendant is charged.

The problem that we must deal with [1] is that while the court instructed the jury that the Commonwealth had the

---

1. The court also charged with respect to reasonable doubt as follows: If you are satisfied of the innocence of the defendant as to any or all of the charges he is, of course, entitled to an acquittal in any of the charges as to which you have a reasonable doubt of his guilt, just as much in that case as if you were satisfied with his innocence.

burden of proving the defendant guilty beyond a reasonable doubt, it did not instruct the jury that the Commonwealth had the burden of proving every element of the crime beyond a reasonable doubt. In *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977), our Supreme Court remanded for a new trial because the trial court denied a defense request that the Commonwealth had the burden of proving each and every element of the crime charged beyond a reasonable doubt. The court stated at 472 Pa. 490, 372 A.2d 796:

> Nowhere, however, in the entire charge did the court explain that the presence of each of the elements of the conduct charged must be proven by the Commonwealth beyond a reasonable doubt. In fact, no direction at all was given as to the proper application of the burden to the component parts of the crime in question. The defense had an absolute right to have the jury instructed not only as to the quantum of proof required to establish guilt but also that the requirement extended to each of the material elements of the offense. The function of elucidating the relevant legal principles belongs to the judge, and the failure to fulfill this function deprives the defendant of a fair trial.

The court further stated at 472 Pa. 490, 491, 372 A.2d 796-7:

> It is entirely possible that, as a result of the charge as it was given, the jury concluded that the Commonwealth might meet its burden if the *cumulative* evidence of guilt was such that they were convinced beyond a reasonable doubt although they were not convinced beyond a reasonable doubt as to one or more of the elements of the offense. This is not the correct standard and differs significantly from the requirement that each and every element of the crime meet this same measure of substantiation.

The case of *Commonwealth v. Shoats*,[2] 297 Pa.Super. 236, 443 A.2d 814 (1982) Opinion by Cercone, P.J., dissenting opinion by Wickersham, J. is controlling in the instant case. In *Shoats* this court stated at 297 Pa.Super. 238, 443 A.2d 815:

> The court carefully instructed the jurors that in order to find appellant guilty they had to be satisfied that the Commonwealth established that guilt beyond a reasonable doubt. The court did not, however, instruct the jury that the Commonwealth had the burden to prove beyond a reasonable doubt *each and every element* of the various offenses with which appellant was charged. Defense counsel raised no objection to the charge nor did counsel attempt to raise this in post verdict motions. On appeal, appellant is now represented by new counsel who raises the issue of trial counsel's ineffectiveness for various reasons.

The court relying on *Commonwealth v. Bishop, supra,* remanded for a new trial as the charge was erroneous and there was no acceptable excuse for defense counsel's not objecting to the court's failure to instruct the jury that the Commonwealth has the burden of proving each and every element of the crime charged beyond a reasonable doubt. In the instant case trial counsel did not object to the court's failure to so instruct the jury. On appeal, the appellant is represented by different counsel and he has raised the issue of trial counsel's ineffectiveness.

It is settled beyond peradventure that the standard used in determining ineffectiveness of counsel is whether the course chosen by counsel had a reasonable·basis de-

---

**2.** In *Commonwealth v. Bishop,* the court did not accept the Commonwealth's argument that even if the charge was defective, it was harmless error in view of the evidence of guilt to support the verdict and stated at 472 Pa. 491, 372 A.2d 797:

> On prior occasions we have refused to ignore an incorrect, misleading, or incomplete charge on a matter as fundamental as the burden of proof in a criminal case.

signed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Counsel need not assert a baseless claim, and it is only when the foregone claim has arguable merit that we must inquire into basis for counsel's decision not to pursue the claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). Consistent with our court's panel decision in *Shoats, supra,* we must find no reasonable basis for the failure of trial counsel to object to the charge.[3]

 The grant of a new trial in this case is required by our panel decision in *Commonwealth v. Shoats, supra,* applying the doctrine of *Commonwealth v. Bishop,* supra. While under *Bishop* it is clear that the charge stating the burden of proof as to each element of the charge must be separately given if requested, we do not agree that every charge where the rigid formula of separate repetition is not followed is *ipso facto* in error. We believe that a fair reading of the present charge, which stated only one burden of proof and did so correctly, was sufficient and that a new trial is not warranted simply because the burden was not restated. However, we see no distinction between this case and *Shoats* and, accordingly, the judgment of sentence is reversed and case remanded for new trial.

This court does not retain jurisdiction.

BROSKY, J., concurs in result.

3. The Commonwealth in its appellate brief contends that the "charge to the jury, read as a whole, *clearly imparted* that each and every element of the crime must be proven beyond a reasonable doubt in order to convict." (Emphasis added). This, of course, is the heart of the dispute. Unfortunately, the court below did not clearly impart to the jury that each and every element of the crime charged must be proved beyond a reasonable doubt. The jury was only charged that the defendant's guilt as a whole had to be proved beyond a reasonable doubt and that every element had to be proved.