Commonwealth *v.* Webb, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrea Commaker Levin* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Frank X. Francek, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., October 28, 1975:

Appeal is taken to this Court from judgment of sentence rendered by Judge M. MARSHALL following jury trial lasting from January 17, 1974, through January 24, 1974. Appellant had been indicted on a charge of prison breach,[1] and he was found guilty. Necessarily pertinent to this conviction is appellant's prior conviction, at Philadelphia County Common Pleas No. 530 February Term, 1969, pursuant to which appellant was incarcerated at the time of the prison breach.

The facts elicited at the trial regarding the prison breach were entered by stipulation. It appears that appellant on June 29, 1970, was sentenced to imprisonment at the State Correctional Institution at Graterford for not less than two nor more than eight years. On August 27, 1971, appellant was transferred to the Southeastern Region Community Center in Philadelphia, a community

---

1. A violation of the "Penal Code", Act of 1939, June 24, P.L. 872, §309, 18 P.S. §4309.

facility under supervision of the Bureau of Corrections. From there, appellant had taken part in a certain amount of community involvement, with the purpose being his rehabilitation. On October 13, 1971, appellant left the center without permission and did not return. On May 30, 1973, pursuant to extradition procedures, appellant was returned to Pennsylvania from New Jersey. With the exceptions of the introduction of a number of unopposed exhibits and rebuttal testimony of one Charles A. Klein, Esq., who had been Assistant District Attorney in charge of prosecuting the first-mentioned case against appellant, this stipulation constituted the Commonwealth's case. Extensive testimony was offered by appellant and his many witnesses pertinent to attempt to prove an insanity defense.

Appellant's first argument is that the trial court erred by permitting testimony that at appellant's 1970 trial, he did not present a defense of insanity. Appellant calls prejudicial and irrelevant the testimony to this effect by the then-prosecuting Assistant District Attorney Klein. The question becomes whether or not this testimony might have contributed to appellant's present conviction in the face of his right to remain silent. See *Commonwealth ex rel. Whiting v. Cavell*, 244 F. Supp. 560 (D.C. Pa. 1965), and Amendment 5, *United States Constitution*. The testimony was offered by the Commonwealth in an effort to rebut appellant's defense. Appellant correctly states that the issue under discussion is his possible insanity at the time of the prison breach. Insanity is a mental condition which may manifest itself during one's life and lead him to commit acts for which his legal responsibility is nullified. In a criminal prosecution, the Commonwealth must be afforded every reasonable opportunity to offer testimony contrary to a defendant's insanity defense when such is placed in issue. Because the condition may be a continuing one, testimony either in rebuttal or in chief may be properly received to show

whether or not in the past a defendant has shown manifestations of insanity, or has argued that he was insane. The reason such testimony is allowed in rebuttal is that prior acts inconsistent with presently alleged insanity tend to rebut the claim of insanity. An opportunity for this rebuttal is provided by the prosecution's attempting to show that at previous, recorded times, the defendant did not claim insanity. Evidence of the failure to raise an insanity defense at a prior trial in which the defendant was sane may be admitted properly by the trial judge and the admission of such testimony does not violate the defendant's right to remain silent. We hold that the lower court in this case did not abuse its discretion in allowing testimony concerning the absence of prior claims of insanity by appellant.[2]

Appellant's second argument is directed toward the charge of the trial judge. One part of the charge in question is as follows:

"The critical time as I have explained to you, when the insanity must exist in order to be a defense to a crime, is at the time the alleged criminal act was committed. So that you would have to find that Mr. Webb was insane on October 13, 1971, when he left without returning from the Community Treatment Center."

After the jury had retired it sent a question to the judge who reassembled the jury, the defendant and his counsel and the attorney for the Commonwealth. The judge then further instructed the jury as follows:

"THE COURT: Ladies and gentlemen of the jury, I have received a question that you have posed for us; and, after discussing the question with counsel for the defendant and the Assistant District Attorney, first let me make sure that this is your question:

---

2. When a defendant's sanity is in issue, it is relevant to allow inquiry into the absence or presence of prior incidents or claims of mental stability, especially when the same are of record.

'At what point was the prison breach effective, when he left the center or when he left the City?'

. . .

"THE COURT: All right. The breach occurred when he failed to return to the center as required.

Now if you find that he did fail to return to the center as required you must then consider, as I previously explained to you, whether he did so with an awareness of the consequences of the nature of his act, or whether he did not have the state of mind to make that decision and know the consequences of his act."

Appellant asks us to find error in that the inconsistency in the above two portions of the charge effectively nullifies his defense of insanity and allows the jury to consider whether or not appellant was insane over a much longer period of time than the day he left the center without leave. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), controls our disposition of this issue. Objection or exception was not raised at trial to either portion of the charge. To preserve the argument for appeal, the trial court must be afforded the opportunity to address itself to the point. See *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). In the instant case, the trial court had no opportunity to consider whether or not his charge as a whole was confusing. We hold that appellant has waived any issue as to the inconsistency, if such there was, in the charge of the court. See *Commonwealth v. Bey*, 221 Pa. Superior Ct. 405, 292 A.2d 519 (1972).

*Commonwealth v. Clair, supra,* controls our disposition of appellant's third argument, which is that the judge's charge was incorrect in that it required appellant to prove by a "preponderance of the evidence" his insanity defense.[3] The issue not having been raised

---

3. We recognize that the import of *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974) and *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974) is to the effect that the Common-

properly for consideration by the trial court, it is not available for our appellate consideration.

Judgment of sentence affirmed.

---

CONCURRING OPINION BY JACOBS, J.:

The majority concludes that the failure to raise an insanity defense at an unrelated trial 18 months earlier, for a separate offense occurring 33 months earlier, is evidence admissible to rebut appellant's defense of insanity raised in the instant case. I cannot accept this contention.

"Any analysis of the admissibility of a particular type of evidence must start with a threshold inquiry as to its relevance and probative value." *Commonwealth v. McCusker*, 448 Pa. 382, 391, 292 A.2d 286, 289 (1972). Evidence to be relevant must tend to prove or disprove the existence of a particular material fact. "[T]he most acceptable test of relevancy is the question, does the evidence offered render the desired inference *more probable than it would be without the evidence?*" McCormick, *Handbook of the Law of Evidence*, 437 (2d ed. 1972) (emphasis original). *See Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285 (1892) ; *People v. Warner*, 270 Cal. App. 2d 900, 76 Cal. Rptr. 160 (1969). Relevant evidence must have probative value and in some degree advance the inquiry. *Commonwealth v. Jones*, 459 Pa. 62, 327 A.2d 10 (1974). Evidence will be admissible if it "tends even somewhat remotely to show that a fact in controversy

wealth has the burden of "non-persuasion" once a defendant raised the defense of insanity. A majority of our Court has said in *Commonwealth v. Dixon*, 235 Pa. Superior Ct. 415, 341 A.2d 147 (1975), that this standard of proof will be applied retroactively. This position was founded upon the clear implication arising from *Commonwealth v. Simms*, 462 Pa. 26, 333 A.2d 477 (1975). However, in light of *Commonwealth v. Clair, supra*, and its mandate that issues must be preserved by prior presentation to the trial court, the procedure evidenced in the instant case will not support application of the newly-stated standard retroactively, the issue being raised for the first time on appeal.

did or did not exist." 1 Wharton's Criminal Evidence 287 (13th ed. 1972). In my opinion the rebuttal testimony offered by the Commonwealth in the instant case failed to meet even this test.

The issue is not one of temporal remoteness, that is, whether evidence that the appellant was sane 33 months prior to the time in question is relevant. The question is even further removed, it is whether the failure to raise an insanity defense at such a prior time in answer to a different offense is relevant to refute a present claim of insanity. I cannot find that such a fact has any probative value whatsoever in the instant proceeding.

However, although objection was made at trial, defense counsel did not raise this issue in post-trial motions. Therefore, it cannot be considered on appeal, *Benson v. Penn Central Transp. Co.*, 463 Pa. 37, 342 A.2d 393 (1975), and the judgment must be affirmed.

WATKINS, P.J., joins in this concurring opinion.

---

DISSENTING OPINION BY CERCONE, J.:

I completely agree with Judge JACOBS' opinion in that the court erred in admitting the testimony of the former assistant district attorney that appellant had not raised an insanity defense at his earlier trial for rape.[1] I disagree, however, with Judge JACOBS' assertion that the issue has not been preserved for appeal.

Admittedly, appellant lodged a timely objection at trial to the proffered testimony of Mr. Klein; and, after

---

1. In addition to the reasons set forth in Judge JACOBS' opinion concerning the irrelevance of Mr. Klein's testimony, it should be noted that a logical rebuttal to that testimony would be to call appellant's former counsel, who only assisted in appellant's defense, to help explain the strategy of not raising the insanity defense at the previous trial. Not only would that force the divulgence of theretofore privileged communications, it would necessitate an uneconomic and potentially prejudicial inquiry into the facts of the rape trial. Theretofore, the jury in the instant case had only been advised that appellant had been incarcerated for committing a crime against the laws of this Commonwealth.

the jury returned its verdict of guilty of prison breach, appellant noted that he wished to file post-trial motions. The court postponed sentencing pending a hearing on the post-trial motions and the preparation of a pre-sentence investigation report. On January 25, 1974, appellant filed standard post-trial motions alleging that the verdict was against the evidence; the verdict was against the weight of the evidence; and the verdict was contrary to law. In addition, appellant also requested permission to be allowed "to file additional reasons in support of this motion as shall appear after the transcription of the Notes of Testimony." On May 2, 1974 the post-trial motions were denied and appellant was sentenced to three years of medical probation to run consecutively to sentences he was then serving.

While it is true that no additional reasons for a new trial were filed in writing, this court is not barred from considering orally argued post-trial motions so long as the proceedings took place prior to *Commonwealth v. Blair*, 460 Pa. 31, 33, 331 A.2d 213, 214 at n. 1 (1975),[2] which came down subsequent to the judgment of sentence herein appealed. Although the record does not indicate what additional reasons were raised orally, I thing it improper for us to speculate in favor of a waiver when it is equally likely that the question of the propriety of Mr. Klein's testimony was in fact raised below. In its brief the Commonwealth has not suggested that appellant waived his right to challenge the propriety of Mr. Klein's testimony and has, in addition, briefed the merits of that question.[3] I conclude, therefore, that we must reach the

---

2. In *Blair*, the Supreme Court stated that henceforth Pa. R. Crim. P. 1123 (a), 19 P.S. Appendix, will be strictly applied to require that all post-trial motions shall be submitted in writing. This ruling will abolish the common practice of submitting only boiler plate motions in writing while raising the more specific allegations of error orally at the subsequent hearing.

3. In *Benson v. Penn Central Transp. Co.*, 463 Pa. 37 (1975), the Supreme Court held that the courts of appeal in this Com-

merits of the question now, rather than postpone our decision until appellant files a PCHA petition challenging the adequacy of his counsel. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272, 274-75 (1974) (Dissenting Opinion of Justice POMEROY).

Upon reaching the merits of the instant appeal, I would reverse and remand for a new trial, since I am unable to declare a belief that the error in permitting Mr. Klein to testify was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18 (1967).

HOFFMAN, J., joins in this dissenting opinion.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

I agree with Judge JACOBS's opinion that the court below erred in admitting the testimony of the former assistant district attorney; the difficulty I have is with respect to waiver. If Judge JACOBS is correct, that the propriety of admitting the testimony was not raised in post-trial motions, then I agree with him that the issue was waived and so cannot be considered on appeal. However, as Judge CERCONE notes in his opinion, perhaps the issue was raised in post-trial motions, not in writing but by oral argument; if it was, then it has not been waived, and, as would Judge CERCONE, I would reverse. The question thus presented is simply one of fact, easily answered. Therefore, I would defer our decision until we have been advised by the court below whether the issue was orally raised. If the court reported that it was not raised, I would join Judge JACOBS, if the court reported that it was raised, I would join Judge CERCONE.

---

monwealth may not consider issues not properly preserved for appeal despite the fact that the parties have not raised the question of waiver. In such a situation, this court should not consider issues not briefed or argued by the parties. *Id.* at 43, n. 8. That case is distinguishable from the instant case since the record herein does not affirmatively disclose a waiver.