372 A.2d 794
**COMMONWEALTH of Pennsylvania**
v.
**Robert BISHOP, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 12, 1976.

Decided April 28, 1977.

486

David Rudovsky, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

In February, 1975, appellant was convicted of murder of the first degree in connection with the death of Hilario Montesuma Ramos in the City of Philadelphia. Mr. Ramos, the proprietor of a small grocery store, was shot to death on May 3, 1974, during the course of a robbery of his store. Post-trial motions were argued and denied and appellant was sentenced to life imprisonment.[1]

■■ The sole issue presented on this appeal is the propriety of the trial judge's denial of a defense request that the jury be instructed that the Commonwealth has the burden to prove "each and every element" (of murder of the first degree) beyond a reasonable doubt. Following the court's instructions to the jury, the defense, in conformity with Rule 1119 of the Pennsylvania Rules

1. Jurisdiction over the instant appeal is vested in this Court by the Appellate Court Jurisdiction Act of 1970, July 31, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1).

of Criminal Procedure,[2] noted an exception to the court's failure to include a specific charge to that effect. The trial judge declined to further instruct the jury, stating that he would have done so if the request had been made prior to the charge, but that he believed the point would be "unduly emphasize[d]" if made at that time. We believe, in view of the specific defense request, that the refusal to charge the jury that the Commonwealth has the burden to prove beyond a reasonable doubt every essential element of the criminal conduct charged was prejudicial error. We, therefore, reverse the judgment of sentence and remand for a new trial.

■■■■■ It is beyond cavil that an accused in a criminal case is clothed with a presumption of innocence and that the burden of proof in establishing guilt rests with the Commonwealth. The quantum of proof necessary to satisfy this burden, which never shifts from the Commonwealth to the accused, is such that the fact-finder must be convinced beyond a reasonable doubt of the defendant's guilt. *Commonwealth v. Rose,* 457 Pa. 380, 321 A. 2d 880 (1974); *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974); *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959). We have often stated that this identical burden extends to every material element of the crime charged and that if the Commonwealth fails to carry this burden beyond a reasonable doubt *as to any one element,* the accused must be acquitted. *Commonwealth v. Young,* 456 Pa. 102, 111, 317 A.2d 258, 262

2. The Commonwealth contends that because the defense failed to submit to the court prior to the jury charge a specific point for charge on the issue in question, he is bound by the court's decision not to give the requested supplemental charge. Assignments of error in the charge, however, are preserved if "specific objections are made thereto before the jury retires to deliberate." Rule of Criminal Procedure 1119(b). *Commonwealth v. Webb,* 237 Pa.Super. 131, 346 A.2d 574 (1975); *Commonwealth v. Piper,* 458 Pa. 307, 328 A.2d 845 (1974). The provision permitting the submission of requested points for charge is not couched in mandatory terms, and a party is in no way bound by his failure to do so.

(1974); *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); *Commonwealth v. Conklin*, 399 Pa. 512, 515, 160 A.2d 566, 568 (1960). *See also In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In determining the adequacy of the instructions to the jury on the relevant legal principles the charge must be read as a whole. *Commonwealth v. Rodgers*, 459 Pa. 129, 327 A.2d 118 (1974); *Commonwealth v. Fell*, 453 Pa. 531, 309 A.2d 417 (1973); *Commonwealth v. Franklin*, 438 Pa. 411, 265 A.2d 361 (1970). In the instant case the court informed the jury several times of the presumption of innocence and burden of the Commonwealth to prove guilt beyond a reasonable doubt. These were accurate statements of the law. In addition, the court correctly defined the requisite elements of the crime of murder of the first degree. Nowhere, however, in the entire charge did the court explain that the presence of each of the elements of the conduct charged must be proven by the Commonwealth beyond a reasonable doubt. In fact, no direction at all was given as to the proper application of the burden to the component parts of the crime in question.[3] The defense had an absolute right to have the jury instructed not only as to the quantum of proof required to establish guilt but also that the requirement extended to each of the material elements of the offense. The function of elucidating the relevant legal principles belongs to the judge, and the failure to fulfill this function deprives the defendant of a fair trial. *See Commonwealth v. Johnny Wortham (Commonwealth v. Dorothe Wortham)*, 471 Pa. 243, 369 A.2d 1287. It is entirely possible that, as a

---

3. This is not a case where the court merely chose to select its own form of expression covering the point at issue. *Commonwealth v. McComb*, 462 Pa. 504, 509, 341 A.2d 496, 498 (1975). The question in that circumstance is whether the "area is adequately, accurately and clearly presented to the jury". *Id.* Here the court omitted a direction on a necessary corollary to a crucial concept of law.

result of the charge as it was given, the jury concluded that the Commonwealth might meet its burden if the *cumulative* evidence of guilt was such that they were convinced beyond a reasonable doubt although they were not convinced beyond a reasonable doubt as to one or more of the elements of the offense. This is not the correct standard and differs significantly from the requirement that each and every element of the crime meet this same measure of substantiation.

The Commonwealth argues that even if the charge as a whole were defective it must be considered harmless error in view of the convincing evidence of guilt offered to support the verdict.[4] We cannot accept this position. On prior occasions we have refused to ignore an incorrect, misleading, or incomplete charge on a matter as fundamental as the burden of proof in a criminal case, even where "the evidence of guilt piles as high as Mt. Everest on Matterhorn, even if the District Attorney conscientiously believes the defendant to be as guilty as Cain, and no matter with what certainty the Judge views the culpability of the accused at the bar, . . .". *Commonwealth v. Edwards,* 394 Pa. 335, 338, 147 A.2d 313, 315 (1959); *Commonwealth v. Conklin, supra,* 399 Pa. at 515, 160 A.2d 566. *See also Commonwealth v. Wortham, supra; Commonwealth v. Wortham, supra.*

Judgment of sentence reversed and a new trial awarded.

Former Chief Justice JONES did not participate in the decision of this case.

EAGEN, C. J., and POMEROY, J., dissent.

---

4. The Commonwealth's additional argument that a supplemental instruction on the burden of proof would have unduly emphasized that issue is without merit. As already noted, no instruction at all was given on the requirement that the Commonwealth prove *each and every element* of the crime beyond a reasonable doubt. It therefore can hardly be said that such a point would have been repetitive.