J-A01027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC PHILLIPS | |
| Appellant | No. 3282 EDA 2014 |

Appeal from the Judgment of Sentence October 7, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006729-2013

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED MAY 06, 2016**

Eric Phillips appeals from the June 6, 2014, judgment of sentence entered in the Bucks County Court of Common Pleas. At the conclusion of a bench trial on October 7, 2014, the court convicted Phillips of invasion of privacy, criminal attempt – invasion of privacy, disorderly conduct, and retail theft – taking merchandise.[1] That same day, the court sentenced him to a term of three to 12 months' incarceration in a county correctional facility. On appeal, Phillips raises the following issues: (1) the court erred in denying his motion for judgment of acquittal on the count of invasion of privacy; (2) there was insufficient evidence to convict him of invasion of privacy; (3) the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 7507.1(a)(2), 901(a), 5503(a)(4), 3929(a)(1), respectively.

court erred in considering evidence related to his Fifth Amendment right to remain silent; and (4) the court erred in failing to file an opinion in the matter. Based on the following, we affirm.

The trial court summarized the facts and procedural history as follows:

On September 3, 2013, Appellant, Eric Phillips … was charged with one count of Invasion of Privacy, one count of Criminal Attempt – Invasion of Privacy, one count of Disorderly Conduct, and one count of Retail Theft – Taking Merchandise. These charges stemmed from an incident that occurred on August 12, 2013, at the Walmart store in Bensalem, Bucks County, Pennsylvania, in which Phillips was observed by store personnel attempting to film up a woman's skirt with a small handheld camcorder "without her knowledge or consent." When confronted by the store manager, Phillips then ran out of the store without paying for a 2-pack of bar soap and Gatorade he had been holding in his hand.

On January 13, 2014, after an extensive colloquy, the Honorable Rea B. Boylan … accepted Phillips' voluntary, knowing and intelligent plea of guilty to the charge of Invasion of Privacy. The remaining charges of Criminal Attempt, Disorderly Conduct and Retail Theft were *nolle prossed*. Sentencing was deferred to permit the Pennsylvania Sexual Offender's Assessment Board to perform an evaluation of Phillips pursuant to 42 Pa.C.S.A. § 9799.24.

On July 14, 2014, Phillips filed a Motion to Withdraw Guilty Plea. In his Motion, Phillips argued that his negotiated plea had "required a Tier I SORNA registration for 15 years," but "the current SORNA statute requires lifetime Tier III registration for an individual that has previously plead [sic] or been found guilty of any other crime that required SORNA registration." Phillips contended that because he had been "found guilty in a negotiated plea to a prior Invasion of Privacy charge in 2006," which "at that time … did not require SORNA registration as Invasion of Privacy was not a SORNA offense," he had therefore not been properly informed in this instance of "the true ramifications of his guilty plea" including the potential requirement for lifetime registration as a sexual offender, and as a result his plea had been compromised.

- 2 -

After a hearing on July 18, 2014, Judge Boylan entered an Order denying Phillips' Motion on August 8, 2014, but after a subsequent hearing on Phillips' Motion to Reconsider his Motion to Withdraw his Guilty Plea on September 4, 2014, Judge Boylan granted his Motion to Withdraw his Guilty Plea by Order of September 8, 2014.

A non-jury trial was held on October 7, 2014, after which this Court found Phillips guilty of all four original counts and sentenced him to undergo imprisonment in the Bucks County Correctional Facility on Count 1, Invasion of Privacy, for a period of not less than 3 months and not more than 12 months. No further penalties were imposed on the remaining counts for Criminal Attempt, Disorderly Conduct or Retail Theft, but Tier 1 SORNA registration was required.

Trial Court Opinion, 12/5/2014, at 1-2 (footnotes and record citations omitted). This appeal followed.[2]

Before we may address the merits of Phillips' claims, we note the trial court found the matter should be quashed and the issues should be waived because Phillips failed to a file a written request for the transcription of the notes of testimony from the October 7, 2014, trial pursuant to Pa.R.A.P. 1911 (request for transcription) and Pa.R.J.A. 5000.5 (requests for transcripts). **See** Trial Court Opinion, 12/5/2014, at 3, 5.[3] Since that time,

_____

[2] On November 5, 2014, the trial court ordered Phillips to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Phillips filed a concise statement on November 24, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 5, 2014.

[3] **See Commonwealth v. Martz**, 926 A.2d 514, 524-525 (Pa. Super. 2007) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is
*(Footnote Continued Next Page)*

the October 7, 2014, transcript was made a part of the certified record. Accordingly, we may now review the merits of the issues Phillips raises on appeal.

Based on the nature of Phillips' claims, we will address his first two arguments together. In Phillips' first issue, he contends the trial court erred in denying his motion for judgment of acquittal because the Commonwealth failed to prove he photographed the woman without her knowledge or consent. Phillips' Brief at 9. Specifically, Phillips states:

> In the instant case, [he] testified that he and the alleged victim had pre-arranged the encounter anonymously using a website designed to assist in arranging such encounters between parties who wished to remain anonymous. The Commonwealth presented no evidence whatsoever contradicting this assertion of consent, nor presented no direct evidence of a lack of consent whatsoever. No victim ever came to Court at any stage of the legal proceedings. Both Commonwealth case in chief witnesses admitted that they made no effort to speak with the alleged victim about the charges. [The] Commonwealth wholly failed to prove lack of consent, an element of the crime itself, beyond a reasonable doubt.

*Id.* at 9-10 (citation omitted). Moreover, Phillips argues the court improperly shifted the burden of proof with regard to lack of consent to him when it stated that it "felt that [Phillips'] averment that he had the victim's consent was not believable, and, moreover, that [Phillips] had failed to prove that he had consent." *Id.* at 10 (emphasis removed).

*(Footnote Continued)* ─────────────

also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review.") (citations omitted), *appeal denied*, 940 A.2d 363 (Pa. 2008).

In Phillips' second argument, he claims there was insufficient evidence to convict him of invasion of privacy because, again, the Commonwealth failed to produce an alleged victim and there was no testimony or other evidence to establish that he invaded the privacy of the alleged victim without her knowledge or consent. *Id.* at 11. Moreover, he argues the Commonwealth never made an attempt to contact the victim to find out if her privacy was invaded and the victim did not appear in court to tell her side of the story. *Id.* at 12. Phillips states the "only" evidence was the store's videotape of him photographing the victim. *Id.*[4]

Our standard of review of Phillips' claim that the trial court erred in denying his motion for judgment of acquittal is as follows: "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge."

_____

[4] Phillips also asserted the Commonwealth "failed to prove that a crime actually occurred, the *corpus delicti* of the crime itself." *Id.* We find that he has waived this part of his argument because he raised it for the first time on appeal, which is not permitted. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii). Nevertheless, Phillips' argument appears misplaced. "Under the *corpus delicti* rule, extrajudicial statements of the accused may not be admitted into evidence unless corroborated by independent evidence that the crime actually occurred. The purpose of the rule is to prevent a conviction based solely upon a confession where no crime has in fact been committed." *Commonwealth v. Fears*, 836 A.2d 52, 67 (Pa. 2003) (citations omitted), *cert. denied*, 545 U.S. 1141 (2005). Here, Phillips did not provide a confession to police and, as will be discussed *supra*, there was independent evidence that a crime occurred.

***Commonwealth v. Foster***, 33 A.3d 632, 634-635 (Pa. Super. 2011).

Moreover,

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. LaBenne***, 21 A.3d 1287, 1289 (Pa. Super. 2011),

*quoting* ***Commonwealth v. Brooks***, 7 A.3d 852, 856–857 (Pa. Super.

2010).

The Pennsylvania Crimes Code defines invasion of privacy, in pertinent

part, as follows:

> (a) Offense defined. --

> Except as set forth in subsection (d), a person commits the offense of invasion of privacy if he, for the purpose of arousing or gratifying the sexual desire of any person, knowingly does any of the following:

> (1) Views, photographs, videotapes, electronically depicts, films or otherwise records another person without that person's

knowledge and consent while that person is in a state of full or partial nudity and is in a place where that person would have a reasonable expectation of privacy.

18 Pa.C.S. § 7507.1(a)(1).[5]

At the conclusion of trial, including viewing the video at issue, the court made the following determinations:

> On August 12th, 2013, the defendant, Eric Phillips, was in the Walmart store in Bensalem when he went to the deodorant aisle, and a female was in the aisle prior to his arrival. [Phillips] sidled up to the victim or in an area near where the victim was standing, and had a video camera in his hand, which he concealed by placing a wallet over the camera. He waited until the victim was looking in another direction and he then placed the video camera in a position to view up the woman's skirt.
>
> He then left the area, and in so doing, placed the camera in a position to view the lower torso of another woman in the store.
>
> The circumstances of the encounter was described by [Phillips] as being incident to an arranged meeting between the victim and [Phillips]. [He] states that he did not know what the woman looked like other than a general description of age and race. He asserts that the meeting was arranged through a fetish website known as FetLife.
>
> [Phillips] asserts that he was going around the large Walmart store asking various women if they were Flossin' Kitty. And he asserts that he knew that the victim was, in fact, Flossin' Kitty because of the general description as to race and age.
>
> I find [Phillips]'s testimony incredible. I find that [Phillips], once confronted by the loss prevention people, immediately ran out of the store and refused to return items that he had taken, namely soap and a bottle of Gatorade.

---

[5] Our research has uncovered no case law regarding a challenge to the sufficiency of the crime of invasion of privacy.

- 7 -

I find [Phillips'] assertion that his failure to return the items, after having been requested to do so by loss prevention representative Kevin Drum, because of fingerprints that would be on those items as incredible. I find that [Phillips] removed those items from the Walmart without making payment, and was outside of the last point of payment in the store.

I find that [Phillips'] refusal to return the items and his fleeing on his motorcycle constituted consciousness of guilt, both with respect to the retail theft and also with respect to the invasion of privacy of an individual who had not provided consent to have her private areas videotaped by [Phillips].

While the invasion of privacy is supported by the circumstantial evidence, I find that circumstantial evidence to be consistent in all respects with the conclusion. I do find as a fact that consent was not given, and that [Phillips] filmed a person without that person's knowledge or consent, and that [Phillips] filmed the victim in a manner that showed partial nudity on the part of the victim and, therefore, the offense of invasion of privacy, all of those elements have been proven beyond a reasonable doubt.

N.T., 10/7/2014, at 76-80.

We agree with the court's findings. First, we note the following: "The Commonwealth is not bound to call the victim of a crime as a witness as long as testimony is not withheld solely because it would be favorable to the defendant." *Commonwealth v. Leatherbury*, 469 A.2d 263, 266 (Pa. Super. 1983) (citations omitted). Here, it is apparent from the record that the victim was unavailable as a witness because the employees at Walmart did not stop her and she left prior to police arrival. *See* N.T., 10/7/2014, at 22. Likewise, neither the Commonwealth nor Phillips knew where she could

be located. As such, we are simply not persuaded that the Commonwealth was required to present the testimony of the victim.

Second, viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, and drawing all reasonable inferences therefrom, we find the Commonwealth presented sufficient circumstantial evidence to support Phillips' conviction. Specifically, we note the testimony of Walmart employee, Kevin Drum, in conjunction with the store's surveillance videotape, established Phillips stood by the female victim, with a video camera surreptitiously covered by a wallet, and waited until she was looking in another direction when he then placed the video camera in a position to view up the woman's skirt. *Id.* at 8-21. Furthermore, when another Walmart employee attempted to speak with Phillips, Phillips started to walk away, ignoring the employee, and then started jogging outside the store. *Id.* at 12-13. It bears emphasis that "[w]hile evidence of flight alone is not sufficient to convict one of a crime, such evidence is relevant and admissible to establish an inference of guilt." *Commonwealth v. Rolan*, 964 A.2d 398, 410 (Pa. Super. 2008), *quoting* *Commonwealth v. Williams*, 615 A.2d 716, 721 (Pa. 1992) (citations omitted).

Third, to the extent Phillps attempts to justify his actions, asserting that the victim consented[6] to the filming based on a prearranged agreement *via* a fetish website, the trial court found his testimony not credible based on the totality of the circumstances. The court, sitting as the fact-finder, was free to do so. ***LaBenne***, 21 A.3d at 1289. Accordingly, we conclude the Commonwealth presented sufficient circumstantial evidence to support its case-in-chief and Phillips' invasion of privacy conviction.

Lastly, with respect to Phillips' claim that the court improperly shifted the burden of proof regarding the element of lack of consent to him, we note the following:

> It is well established that "an accused in a criminal case is clothed with a presumption of innocence." ***Commonwealth v. Bishop***, 472 Pa. 485, 372 A.2d 794, 796 (Pa. 1977). The Commonwealth bears the burden of proving guilt beyond a reasonable doubt as to every element of the crime. ***See id.*** The Commonwealth's failure to maintain this burden of proof will result in the acquittal of the accused. ***See id.*** This Court has long held that the burden of proving an affirmative defense that relieves the accused of criminal responsibility, but does not negate an element of the offense charged may be placed on the defendant. ***See*** [***Commonwealth v. Hilbert***, 382 A.2d 724, 729 (Pa. 1978)]. Thus, when a defense is asserted that relates to the defendant's mental state or information that is peculiarly within the defendant's own knowledge and control, the general rule is that the defendant has the burden of proving the defense by a preponderance of the evidence. ***See Commonwealth v.***

---

[6] Consent is defined as follows: "The consent of the victim to conduct charged to constitute an offense or to the result thereof is a defense if such consent negatives an element of the offense or precludes the infliction of the harm or evil sought to be prevented by the law defining the offense." 18 Pa.C.S. § 311(a).

> *Rishel*, 441 Pa. Super. 584, 658 A.2d 352, 355 (Pa. Super. 1995), *reversed on other grounds* 545 Pa. 297, 681 A.2d 162 (Pa. 1996).

*Commonwealth v. Collins*, 810 A.2d 698, 701 (Pa. Super. 2002). Accordingly, Phillips' argument is meritless because he presented the affirmative defense that the victim consented to the filming. Therefore, Phillips' first and second arguments fail.

In his third issue, Phillips claims the court erred in considering evidence related to his Fifth Amendment right to remain silent where the court indicated it was persuaded by the fact that he fled from police and store employees and refused to speak with them. *See* Phillips' Brief at 13. He avers he was exercising his constitutional right to remain silent and it was improper to consider his actions as evidence of guilt. *Id.* Moreover, Phillips notes he admitted at trial that he did not want to speak with the police because he was afraid his comments would be misconstrued and would be used against him in an improper manner. *Id.* at 14.

By way of background, Drum testified Phillips did not speak with the Walmart employee who tried to stop Phillips from leaving the store. N.T., 10/7/2014, at 11. The investigating officer, Detective Christopher McMullin, testified attempts were made to contact Phillips, but he would not respond. *Id.* at 22. Defense counsel did not object to this testimony. Phillips then took the stand and stated that he did not talk to the store employee or the

police because he did not want to interact with the police based on prior dealings with them, and he was afraid. *Id.* at 35-36; 46-48.

Phillips' claim is without merit for several reasons. First, his failure to object to the testimony at issue constitutes waiver. *See Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008) ("[I]t is axiomatic that issues are preserved when objections are made timely to the error or offense."); *Commonwealth v. May*, 887 A.2d 750, 761 (Pa. 2005) (holding that the "absence of contemporaneous objections renders" an appellant's claims waived).

Moreover,

> In general, after a defendant has been given *Miranda* warnings, the defendant's post-arrest silence may not be used against him to impeach an explanation subsequently offered at trial. However, where a prosecutor's reference to a defendant's silence is a fair response to a claim made by defendant or his counsel at trial, there is no violation of the Fifth Amendment privilege against self-incrimination.

*Commonwealth v. Copenhefer*, 719 A.2d 242, 251 (Pa. 1998) (citations omitted), *abrogated on other grounds by Commonwealth v. Rizzuto*, 777 A.2d 1069 (Pa. 2001). Here, Phillips' post-arrest silence was not used at trial. The evidence at issue concerned his refusal to speak to the employee or police prior to his arrest. Furthermore, a review of the court's findings, as recited above, does not reveal that the court relied upon Phillips' silence, at any point during the incident, in its decision. Rather, the court pointed to Phillips' flight as evidence of guilt and his failure to return the items he took

from the store because of his concern over the taking of his fingerprints as incredible testimony. The court did not comment on his silence. **See** N.T., 10/7/2014, at 76-80. Accordingly, Phillips' third argument also fails.

In Phillips' final argument, he claims the court erred by not rendering a Pa.R.A.P. 1925(a) opinion. **See** Phillips' Brief at 16-17. We point out the trial court was not required to file an opinion because Phillips did not file a timely request for transcription pursuant to Pa.R.A.P. 1911 and Pa.R.J.A. 5000.5. Nevertheless, in the interests of judicial economy, and based on the court's explanation of its non-jury verdict, we did not remand this matter for a Pa.R.A.P. 1925(a) opinion on the merits.[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

---

[7] We "may affirm the lower court on any basis, even one not considered or presented in the court below." **Commonwealth v. Burns**, 988 A.2d 684, 690 n. 6 (Pa. Super. 2009), *appeal denied*, 8 A.3d 341 (Pa. 2010); **see also Commonwealth v. Williams**, 73 A.3d 609, 617 n.4 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014).