J-S03017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MILLER | : | |
| | : | |
| Appellant | : | No. 589 WDA 2019 |

Appeal from the PCRA Order Entered March 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006742-2012

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                FILED FEBRUARY 12, 2020

Appellant James Miller appeals from the order of the Allegheny County

Court of Common Pleas dismissing his first petition under the Post Conviction

Relief Act (PCRA).[1]  He argues solely that the PCRA court erred in determining

that trial counsel was not ineffective for failing to raise an objection to the jury

instruction.  We affirm.

The underlying facts, as summarized by the trial court, are as follows:

It was mid-afternoon on May 2, 2012 at the First Niagara Bank
branch on Murray Avenue in the Squirrel Hill section of the City of
Pittsburgh.  A man suddenly appears at the teller window.  It was
a bit startling.  He is wearing a black jacket and is carrying a black
satchel.  His overall appearance is "very intimidating" to the teller.
This person is 3 feet away.  A note is placed on the counter in
front of the teller.  "Robbery. Calm," is what the teller sees.  While
the teller could not see this person's hands or any weapon, his
impression was there may be "a gun."  The teller unlocked his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

money drawer and began to take money out. He placed it on the counter. The person took this collection of money and placed it in his satchel. He did so with only one hand, leaving the other out of sight. It was not enough money. "More, More" is the command. The teller unlocked his 2nd drawer, removed the money inside it and placed this stack on the counter. The person grabbed this collection of bills, put it inside his satchel and left the bank. All total, [he] walked out with $2,461.

Trial Court Opinion, 3/27/14 at 3 (record citations omitted).

Appellant was charged with two counts of robbery.[2] The matter proceeded to a jury trial commencing on June 25, 2017. Prior to the presentation of evidence, the trial court instructed the jury that Appellant had no obligation to offer any evidence and that the burden of proving guilt rested entirely on the Commonwealth. N.T., 6/25-27/13, at 168.[3]

During its final instructions, the trial court specified that "[i]t's not [Appellant's] burden to prove that [Appellant] is not guilty. Instead it is the Commonwealth that always has the burden of proving each and every element of the crime charged beyond a reasonable doubt." N.T. at 268. When instructing on the elements of robbery, the trial court said,

> [On robbery with fear of serious bodily injury, to find Appellant] guilty of this offense, you must find that the following two elements have been proven beyond a reasonable doubt: first, that [Appellant] inflicted serious bodily injury on the victim or threatened the victim with serious bodily injury or intentionally put the victim in fear of immediate serious bodily injury or second,

---

[2] 18 Pa.C.S. § 3701(a)(1)(ii) (threatening another with or intentionally putting another in fear of immediate serious bodily injury), (vi) (robbery of a financial institution).

[3] The notes of testimony for Appellant's three-day trial are in one continuously-paginated volume.

[Appellant] did this during the course of committing a theft. [On robbery of a financial institution,] to find [Appellant] guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt: first, that [Appellant], in the course of committing a theft, the accused took or received money; the items were the property of the financial institution; the accused did not have permission of the financial institution to take or remove the money; the demand was made either orally or in writing to an employee of the financial institution; and [Appellant] acted with the intent to deprive the financial institution of money.

Id. at 277-79. At the close of the instruction, the trial court stated:

If after consideration of the case and all the testimony you reach the conclusion that the Commonwealth has failed to meet its burden of proof required as to any or all of the charges, then your verdict slip must read "not guilty" next to the appropriate charge or charges on the verdict slip. On the other hand, members of the jury, if you reach the conclusion that the Commonwealth has met the required burden of proof beyond a reasonable doubt on any or all of the charges, then you should write "guilty" next to the appropriate charge or charges on the verdict slip.

Id. at 282-83.

The jury found Appellant guilty of both robbery counts. On July 1, 2013, he was sentenced to ten to twenty years' incarceration and ordered to pay restitution to the bank. This Court affirmed his judgment of sentence on May 11, 2015. Commonwealth v. Miller, 2017 WDA 2013 (unpub. memo) (Pa. Super. May 11, 2015). On July 18, 2017, the trial court reinstated nunc pro tunc Appellant's right to file an allocatur petition in his direct appeal. On February 8, 2018, the Supreme Court of Pennsylvania denied his allocatur petition. Commonwealth v. Miller, 309 WAL 2017 (Pa. Feb. 8, 2018).

On March 12, 2018, Appellant filed a pro se PCRA petition, initiating the present litigation. The PCRA court issued a notice of its intent to dismiss the

petition without a hearing on November 9, 2018, per Pa.R.Crim.P. 907. On March 20, 2019, the PCRA court entered an order dismissing the Appellant's petition. This timely appeal followed.

The sole issue Appellant poses is whether the PCRA court erred for dismissing Appellant's petition, which argued that trial "counsel was ineffective for failing to object to the inadequate jury instructions and for not requesting the court to charge the jury that the Commonwealth had the burden to prove each and every element of robbery beyond a reasonable doubt." Appellant's Brief at 12.

This Court reviews PCRA proceedings to ensure that the determination below is supported by the record and otherwise free of legal error. Commonwealth v. Gacobano, 65 A.3d 416, 419 (Pa. Super. 2012) (citation omitted). This Court will not disturb the determination below unless the certified record contains no support for it. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). PCRA orders are reviewed in the light most favorable to the prevailing party below. Commonwealth v. Whiteman, 204 A.3d 448, 450 (Pa. Super. 2019), appeal denied, 216 A.3d 1028 (Pa. 2019) (citation omitted).

> As originally established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate the client's interest; and (3) prejudice, to the effect that there was a

- 4 -

reasonable probability of a different outcome at trial if not for counsel's error.

Commonwealth v. Wantz, 84 A.3d 324, 331 (Pa. Super. 2014). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009).

"When evaluating jury instructions, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." Commonwealth v. Storey, 167 A.3d 750, 759-60 (Pa. Super. 1017), appeal denied, 217 A.3d 1213 (Pa. 2019).

This Court cannot conclude that, when viewed as a whole, the charge was inadequate or inaccurate. The trial court bookended its instruction as to the elements of the robbery charges with admonitions that the burden of proof was on the Commonwealth, and repeatedly emphasized the "beyond a reasonable doubt" standard. See N.T. at 168, 268, 277-79, 282-83. The instruction adhered to the letter and spirit of the law, and there is no support in the record for Appellant's argument that it was confusing or would have indicated to the jury, contrary to the trial court's repeated admonitions, that he bore any burden or that it was possible to convict without reaching a verdict beyond a reasonable doubt.

Appellant relies on Commonwealth v. Bishop, 372 A.2d 794 (Pa.

1977), in which our Supreme Court awarded a new trial based on a trial court's failure to explain anywhere in its instruction that the prosecution must establish each element of the charged crimes beyond a reasonable doubt. See id. at 796. Because "no direction at all was given as to the proper application of the burden to the component parts of the crime in question" the Court found it necessary that the defendant be retried. Id. Bishop reiterates that jury instructions must connect the Commonwealth's burden to the elements of the charged crimes; in other words, Bishop reminds us that "it is the Commonwealth that always has the burden of proving each and every element of the crime charged beyond a reasonable doubt." See N.T. at 268.

The trial court instructed the jury at the beginning of its discussion of the elements that each of them must be proved beyond a reasonable doubt: "to find [Appellant] guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt . . . ." Because the trial court applied Bishop appropriately in crafting the charge, establishing the essential nexus between burden and elements, Appellant's argument fails. See Bishop, 372 A.2d at 796; N.T. at 277-79.

There is no merit to Appellant's underlying argument that the instruction was deficient; therefore, counsel cannot be faulted for failing to object. See Wantz, 84 A.3d at 331. Counsel will not be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Fears, 86 A.3d 795, 804 (Pa. 2014) (citation omitted).

Appellant's allegation of error does not merit relief.  As the PCRA court did not err, we affirm its order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2020